# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ORTEGA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WARDEN JAMES A. YATES, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:09-cv-01476-AWI-SKO PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION<br><br>OBJECTIONS DUE WITHIN 20 DAYS |

　　Plaintiff Edward Ortega ("Plaintiff") is a state prisoner proceeding pro se in this action. The Court previously ordered Plaintiff to file an amended complaint in this action; however, Plaintiff failed to file an amended complaint. The Court will recommend that this action be dismissed for Plaintiff's failure to obey a court order.

　　This action was removed from Fresno County Superior Court on August 20, 2009. (Doc. #1.) On September 18, 2009, Plaintiff filed a motion opposing removal. (Doc. #5.) On April 1, 2010, the Court ruled on Plaintiff's motion and found that Plaintiff's arguments opposing removal were unavailing, as Plaintiff simply argued that removal was not proper because Plaintiff did not want to litigate in federal court. (Doc. #7.) The Court also noted that it was unclear whether this Court had subject matter jurisdiction over Plaintiff's claims because Plaintiff's complaint did not set forth his causes of actions in a clear manner. Although Plaintiff mentioned the Eighth Amendment of the U.S. Constitution in his complaint, he did not explicitly state that he was raising a claim under 42 U.S.C. § 1983 for the violation of the Eighth Amendment. The Court ordered Plaintiff to file an amended complaint which clearly set forth his causes of actions so that the Court could determine

whether Plaintiff stated any federal claims and whether remand was proper. Plaintiff was given thirty days to file an amended complaint.

On May 24, 2010, the Court ordered Plaintiff to show cause why this action should not be dismissed for Plaintiff's failure to obey a court order because Plaintiff did not file an amended complaint within 30 days. (Doc. #9.) On June 18, 2010, Plaintiff filed a response to the order to show cause and requested an extension of time because his "legal helper" was unavailable to assist him in drafting his amended complaint. (Doc. #10.) The Court discharged the order to show cause on June 21, 2010 and gave Plaintiff an additional thirty days to file an amended complaint. (Doc. #11.) Plaintiff was explicitly told that in the future, he must request extensions of time before the expiration of the relevant deadline. (Order Discharging Order to Show Cause and Granting Extension of Time to File Am. Compl. 1:26-27, ECF No. 11.)

The thirty day deadline has passed, and Plaintiff has again failed to obey the Court's order to file an amended complaint and has failed to follow the Court's explicit warning to request an extension of time before the expiration of the relevant deadline.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with the local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and failure to comply with local rules).

1    In determining whether to dismiss an action for lack of prosecution, failure to obey a court
2 order, or failure to comply with the Local Rules, the Court must consider several factors: (1) the
3 public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket;
4 (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their
5 merits; and (5) the availability of less drastic alternatives.  Ghazali, 46 F.3d at 53; Ferdik, 963 F.2d
6 at 1260-61; Malone, 833 F.2d at 130; Henderson, 779 F.2d at 1423-24; Thompson, 782 F.2d at 831.
7    In this case, the Court finds that the public's interest in expeditiously resolving this litigation
8 and the Court's interest in managing the docket weigh in favor of dismissal.  The third factor, risk
9 of prejudice to defendants, also weighs in favor of dismissal since a presumption of injury arises
10 from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d
11 522, 524 (9th Cir. 1976).  The fourth factor, public policy favoring disposition of cases on their
12 merits, is greatly outweighed by the factors in favor of dismissal.  Finally, a Court's warning to a
13 party that the failure to obey a Court order will result in dismissal satisfies the "consideration of less
14 drastic alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson,
15 779 F.2d at 1424.  The Court notes that in the May 24, 2010 order to show cause, Plaintiff was
16 explicitly warned that the failure to file his amended complaint would result in this action being
17 dismissed.  In the June 21, 2010 order discharging the order to show cause, Plaintiff was explicitly
18 advised to file future requests for extension of time before the relevant deadline passes.
19    Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed for
20 Plaintiff's failure to obey a court order.
21    These Findings and Recommendations are submitted to the United States District Judge
22 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within twenty (20)
23 days after being served with these Findings and Recommendations, any party may file written
24 objections with the Court and serve a copy on all parties.  Such a document should be captioned
25 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
26 shall be served and filed within ten (10) days after service of the objections.  The parties are advised
27 ///
28 ///

that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 10, 2010**                        /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE