UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO GARCIA, | CASE NO. 1:10-cv-02097-BAM PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| M. MIX, et al., | (ECF No. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

**I.   Screening Requirement**

Plaintiff Guillermo Garcia ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Defendant McCue removed this action from Tuolumne County Superior Court on November 9, 2010. On November 10, 2010, Defendants Mix and Saylor joined in the removal.[1] Plaintiff's motion to remand was denied on October 4, 2011.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks

---

[1] Defendants Paugh, Mendoza, and Pate did not join in the notice of removal and there is no evidence that they were served with the complaint during the pendency of the action in Tuolumne County Superior Court. Additionally, Plaintiff's complaint states that Defendants Lacey, Ruiz, Johnston, Bick, Dean, Vasquez, Navarro, Chavez, and Grannis are joined pursuant to California Code of Civil Procedure section 382, however there is no evidence any of these defendants were served, nor does the complaint contain any factual allegations against them. The Court notes that section 382 provides for joinder of a party as a defendant who should have been joined as a plaintiff when his consent is unable to be obtained.

1

monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)).

## II. Complaint Allegations

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is currently housed at the Correctional Training Facility in Soledad. Plaintiff alleges that, while he was confined at Sierra Conservation Center, Defendant Mix conducted a cell search and took Plaintiff's property without giving him a receipt, and the property was "taken lost, stolen, damaged or destroyed." Plaintiff states he was threatened by Defendant Mix.

Plaintiff claims that Defendant Paugh conspired with Defendant Mix to take possession of Plaintiff's personal property and that the search was for the purpose of retaliation and was cruel and unusual punishment in violation of the Eighth Amendment to punish and harass Plaintiff. Defendant Mendoza, as the tower officer, conspired with Defendants Mix and Paugh, and opened the cell door to allow them to enter Plaintiff's cell when they were not assigned to his building.

Plaintiff states that he was deprived of his right to access the courts by Defendant McCue when he requested a court call to make a telephonic appearance in Los Angeles Superior Court on August 22, 2008. Defendant McCue did not respond to Plaintiff's request so he was unable to appear for his telephonic conference and case No. BC-356199 was dismissed. Plaintiff alleges that Defendants Saylor and Pate conspired with Defendant McCue to prevent him from appearing at the telephonic conference in violation of the First and Fourteenth Amendments. Plaintiff is seeking compensatory and punitive damages.

For the reasons set forth below Plaintiff has failed to state a cognizable claim for relief. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies

described by the Court in this order. In the paragraphs that follow, the Court will provide Plaintiff with the legal standards that appear to apply to his claims. Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.

### III.   Discussion

#### A.   Retaliation

A plaintiff may state a claim for a violation of his First Amendment rights due to retaliation under section 1983. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). A viable claim of retaliation in violation of the First Amendment consists of five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonable advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); accord Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Although Plaintiff alleges that Defendant Mix searched his cell and his property was taken as a retaliatory act, Plaintiff's complaint is devoid of any allegation that the cell search was because he had engaged in protected conduct. While Plaintiff alleges that Defendants Paugh and Mendoza conspired with Plaintiff in the cell search, Plaintiff has not alleged any specific facts linking their participation to an improper motive. The bare fact that they participated or assisted in the cell search is insufficient to support a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss, 572 F.3d at 969. Accordingly, Plaintiff has failed to state a cognizable claim for retaliation.

#### B.   Access to the Court

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Hebbe v. Pliler, 611 F.3d 1202, 1206 (9th Cir. 2010). The right is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Lewis, 518 U.S. at 354. To bring a claim, the plaintiff must have suffered an actual injury by being shut out of court. Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351.

To state a claim for denial of access to court, "the complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a) just as if it were being independently

pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." Christopher v. Harbury, 536 U.S. 403, 418 (2002).  Plaintiff has failed to allege facts sufficient to show that Los Angeles Superior Court case No. BC-356199 was a direct criminal appeal, habeas petition, or civil rights action, Lewis, 518 U.S. at 354, and therefore fails to state a cognizable claim for denial of access to the courts.

### C. Eighth Amendment

#### 1. Conditions of Confinement

To prove a violation of the Eighth Amendment the plaintiff must "objectively show that he was deprived of something 'sufficiently serious,' and make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted).  Deliberate indifference requires a showing that "prison officials were aware of a "substantial risk of serious harm" to an inmate's health or safety and that there was no "reasonable justification for the deprivation, in spite of that risk." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994)).  The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006).

Plaintiff fails to set forth facts to show that he was at a substantial risk of serious harm to support a deliberate indifference claim. Thomas, 611 F.3d at 1150.  Additionally, although Plaintiff alleges that on a single occasion his cell was searched as a form of harassment and he did not receive a property receipt for the property taken, this is insufficient to establish a sufficiently serious deprivation that would violate the Eighth Amendment. Vigliotto v. Terry, 873 F.2d 1201, 1203 (9th Cir. 1989); Dixon v. LaRosa, No. 2:10-cv-1441 GEB KJN P, 2011 WL 3875806, * 17 (E.D. Cal. Aug. 31, 2011).  Nor is the failure to arrange a court call a sufficiently serious deprivation that would violate the Eighth Amendment. See Clark v. Plummer, No. 3:95-cv-00046 CAL, 1995 WL 317015, * 2 (N.D. Cal. May 18, 1995) ("Courts have held that even a total denial of telephone access for convicted prisoners is not cruel and unusual punishment under the Eighth Amendment").  The complaint fails to state a cognizable claim based on the cell search or failure to arrange a court call.

**2.    Harassment or Threats**

Prison conditions that are restrictive or harsh do not necessarily violate the Eighth Amendment. Farmer, 511 U.S. at 833. Verbal harassment does not constitute a violation of the Eighth Amendment. Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996); Oltarzewski v. Ruggiero, 830 F.2d 136, 138 (9th Cir. 1987). A verbal threat does not state a cause of action under the Eighth Amendment. Gaut v. Sunn, 810 F.2d 923, 925 (9th 1987). Plaintiff's allegations that Defendant Mix threatened him during a cell search fails to state a cognizable claim.

**D.    Destruction of Property**

While an authorized, intentional deprivation of property is actionable under the Due Process Clause, neither a negligent nor intentional unauthorized deprivation of property by a prison official is actionable if a meaningful postdeprivation remedy is available for the loss. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1984). Plaintiff alleges that his property was taken without providing a property receipt. Whether the cause of the property loss or damage was intentional and unauthorized or negligent, Due Process is satisfied if there is a meaningful postdeprivation remedy available to Plaintiff. Hudson, 468 U.S. at 533. Plaintiff has an adequate post-deprivation remedy available under California law. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Therefore, Plaintiff has failed to state a cognizable claim for the loss of his property.

**E.    Conspiracy**

A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional right, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

Although, for pleading purposes, the Court accepts as true the allegations in the complaint,

5

1  the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level .
2  . . . ." Twombly, 127 S. Ct. at 1965 (citations omitted).  A plaintiff must set forth "the grounds of his
3  entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation
4  of the elements of a cause of action . . . ." Id. at 1964-65 (internal quotations and citations omitted).

Plaintiff has not alleged any facts supporting the existence of a conspiracy between Defendants.  Further, Plaintiff has not alleged facts demonstrating that Defendants violated his constitutional rights.  In order to state a cognizable claim for relief for conspiracy, Plaintiff must establish that Defendants conspired to violate an underlying constitutional right.

### F.    Defendant Liability

Plaintiff's allegations that Defendant McCue is responsible for all inmate accommodations or that Defendant Saylor, as a counselor, would provide access to the telephone are insufficient to state a claim based upon the failure to provide a phone call.  While Plaintiff states that Defendants refused to provide a phone call, he fails to allege fact sufficient to show that any defendant personally participated in failing to arrange the phone call.  Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557).  Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

Additionally, Plaintiff may not bring suit against Defendants in their official capacity.  "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).

6

Further, Plaintiff is attempting to bring suit against Defendant Pate stating that he is responsible for supervising the other counselors. Government officials may not be held liable for the actions of their subordinates under a theory of *respondeat superior*. Iqbal, 129 S. Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions. Id. at 1948. In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

### G. Rule 18

Finally, Plaintiff may not pursue multiple, unrelated claims in this action. Pursuant to the Federal Rules of Civil Procedure, [a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's claims regarding the cell search are unrelated to the failure to arrange the court call. Plaintiff will not be permitted to proceed with a "mishmash of a complaint," id., and is cautioned that if his amended complaint fails to comply with Rule 18(a), and he states a cognizable claim, the Court will choose which claims will proceed and will dismiss out all unrelated claims.

### IV. Conclusion and Order

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at

7

607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, removed on November 9, 2010, is dismissed for failure to state a claim upon which relief may be granted under section 1983;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   February 9, 2012              /s/ Barbara A. McAuliffe
                                    UNITED STATES MAGISTRATE JUDGE

8