**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ORTEGA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>WARDEN JAMES A YATES, et al.,<br><br>　　　　　Defendants.<br>_____/ | 1:09-cv-01476-AWI-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT DUENAS BE DISMISSED FROM THIS ACTION FOR PLAINTIFF'S FAILURE TO EFFECT SERVICE, DISMISSING THIS ACTION IN ITS ENTIRETY<br><br>THIRTY DAY DEADLINE |

**I.    BACKGROUND**

　　　Edward Ortega ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  On June 22, 2009, Plaintiff filed this action at the Fresno County Superior Court, and on August 20, 2009, Defendants Yates and Igbinosa removed the case to federal court under 28 U.S.C. § 1441.  (Docs. 1, 2.)  On August 21, 2009, Defendants Yates and Igbinosa paid the filing fee for this action, and therefore Plaintiff is not proceeding in forma pauperis in this action pursuant to 28 U.S.C. §1915.

　　　This case now proceeds on the First Amended Complaint filed by Plaintiff on August 26, 2010, against defendant Dr. Duenas ("Defendant"), on Plaintiff's Eighth Amendment claim for inadequate medical care.  (Doc. 14.)[1]  On October 12, 2011, a summons was issued and Plaintiff was

---

[1] The Court dismissed all other claims and defendants from this action on August 3, 2012, based on Plaintiff's failure to state a claim.  (Doc. 34.)

1

directed to effect service upon Defendant Duenas within one hundred twenty days. (Doc. 26.)

On February 3, 2012, Plaintiff submitted evidence of certified mail service upon Dr. Duenas. (Doc. 29.) However, there was no evidence that Defendant had waived service or that Plaintiff had personally served Defendant. See Fed. R. Civ. P. 4. On June 11, 2012, the Court entered an order requiring Plaintiff to complete service upon Defendant within sixty days. (Doc. 32.) In the Court's order, Plaintiff was given detailed instructions for serving Defendant, and a copy of Rule 4 of the Federal Rules of Civil Procedure. (Id.) Plaintiff was instructed to either file Defendant's waiver of service, or file a Return of service along with a copy of the summons, showing that personal service was completed. (Id. at 2:25-26; 3:13-14.)

More than sixty days has passed, and Plaintiff has not filed any evidence that he completed service of process upon Defendant Duenas, or otherwise responded to the Court's order. Defendant has not made an appearance in this action.

## II. RULE 4(m) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Pursuant to Rule 4(m),

> "If a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Fed. R. Civ. P. 4(m).

In this instance, Plaintiff has not filed any evidence that he completed service of process upon Defendant Duenas.

## III. RECOMMENDATION AND CONCLUSION

Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that Defendant Duenas be dismissed from this action based on Plaintiff's failure to effect service, dismissing this action in its entirety.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 30, 2012**            /s/ **Gary S. Austin**
                                     UNITED STATES MAGISTRATE JUDGE